Connolly, J.

INTRODUCTION

The motion before the Court arises out of a first degree murder charge against the Defendant, Daniel Holland (“Holland”). The Commonwealth has filed a motion seeking an independent examination of Holland and seeking production of certain records. Holland opposes the Commonwealth’s motion on two grounds: (1) Holland argues that this Court lacks authority to compel an independent psychiatric examination; and (2) Holland argues that the records requested by the Commonwealth are protected by the psychotherapist-patient privilege or the social worker-client privilege. For the reasons discussed below, the Commonwealth’s motion is ALLOWED. As agreed at oral argument, this Court’s decision will be stayed for five business days so that Holland’s counsel may seek an interlocutory appeal.

BACKGROUND

The Commonwealth has charged the defendant, Daniel Holland (“Holland”), with first degree murder pursuant to G.L.c. 265, §1 based on theories of deliberate premeditation and extreme atrocity or cruelty. Holland has filed a disclosure of discovery indicating that he intends to offer testimony of mental impairment due to chronic alcohol and drug addiction through an expert,[1] who has had an opportunity to meet with Holland and to review his history of substance abuse. Holland’s defense to the first degree murder charge is that he could not form the specific intent required for first degree murder because of his extensive drug and alcohol abuse.[2]
The Commonwealth has submitted a motion seeking to compel Holland to submit to an independent psychiatric examination and seeking to obtain certain records from Holland. These records include Holland’s mental health records, prior employment records and medical records.[3] Holland opposes the Commonwealth's motion. First, Holland argues that this Court may not order him to submit to an independent psychiatric exam as provided for in Mass.R.Crim.P. 14 because he has not interposed an insanity defense. Holland argues that Mass.R.Crim.P. 14 only applies where a defendant propounds a defense based on “Lack of Criminal Responsibility Because of Mental Disease or Defect.” Holland further claims that he is not interposing such a defense. Instead, Holland argues that he is rebutting an essential element of first degree murder that his voluntary intoxication precluded him from forming the specific intent required for the crime of first degree murder.
Holland argues that a court-ordered examination would implicate his right against compelled self-incrimination, which is guaranteed by both the Fifth Amendment of the U.S. Constitution and by Article XII of the Massachusetts Declaration of Rights. Secondly, Holland argues that the Commonwealth may not discover any of his psychiatric records because such records are covered by the psychologist-patient or social worker-client privilege, and that waiver of these privileges as set forth in G.L.c. 233, §20B and in c. 112, §135B applies only to civil, not criminal cases. Thirdly, Holland argues that certain other records that the Commonwealth seeks to discover, such as his employment and medical records, are neither material nor relevant to the issues presented in this case.
The Commonwealth, on the other hand, argues that this Court should order an independent examination of Holland because Holland intends to offer expert testimony of mental impairment due to drugs and alcohol through an expert, who has had the opportunity to meet with Holland and to review his history of chronic drug and alcohol abuse. Secondly, the Commonwealth argues that neither the psychotherapist-patient nor the social-worker-patient privilege protects discovery of Holland’s psychiatric records because Holland waived any such privilege by placing his mental state at issue in this case. Thirdly, the Commonwealth argues that certain other records, such as Holland’s medical and employment records, are material and relevant to this case. This Court holds that if Holland intends to offer psychiatric evidence through an expert as to his mental state based on statements made by Holland to that expert, he will be compelled to undergo a court-ordered examination by the Commonwealth’s psychiatrist. Furthermore, this Court holds that Holland waived his psychotherapist-patient privilege and his social worker-client privilege with respect to the mental health records that the Commonwealth seeks to discover because Holland has placed his mental state in issue. This Court will conduct an in camera inspection of these records along with the other records that are impounded in the clerk’s office. Following this in camera inspection, the Court will decide which of these records are material and relevant to the issues presented in this case and will order that those records be turned over to the Commonwealth.

DISCUSSION

This Court must decide two issues in the instant case. First, does the Court have the authority to order a psychiatric examination of a defendant charged with first degree murder, where the defendant intends to introduce psychiatric testimony through his own expert that includes the defendant’s own statements *509 asserting that the defendant could not form the specific intent required for first degree murder because of his acute and chronic intoxication before and at the time he allegedly committed the crime. Secondly, this Court must decide whether any records of the defendant’s meetings with psychotherapists or social workers are privileged and, if so, whether the defendant waives any privilege by. placing his mental state in issue. This Court answers both of these questions in the affirmative. This Court will first discuss the issue of a court ordered psychiatric examination and will then turn to the issue of privileged records.

A. Independent Expert Examination

It is well settled that in the Commonwealth, a defendant charged with first degree murder may demonstrate that he was so far overcome by intoxicating substances as to be rendered incapable of forming the specific intent or knowledge necessary to commit premeditated murder, or murder with extreme atrocity or cruelty. Based on such evidence, a jury could return a verdict of second degree murder if they found that based on the evidence all other elements of the crime had been proved beyond a reasonable doubt. See Commonwealth v. Sires, 413 Mass. 292, 298-301 (1992). It is also well settled that the court may order a psychiatric examination when a defendant intends to interpose a defense based upon a mental disease or defect and intends to offer psychiatric testimony based on the defendant’s own statements. See Mass.R.Crim.P. 14 and Blaisdell v. Commonwealth, 372 Mass. 753 (1977).
Holland argues that the Commonwealth may not compel him to submit to an independent expert examination because to do so would violate his constitutional rights against compelled self-incrimination and because Mass.R.Crim.P. 14 only applies to situations where a defendant posits a defense based on “Lack of Criminal Responsibility Because of Mental Disease or Defect.” Holland states that he is not claiming such a defense but is instead claiming that his voluntary intoxication prevented him from forming the specific intent required for first degree murder. This Court does not agree with Holland’s contention.
Mass.R.Crim.P. 14(b)(2) provides in pertinent part:
(A) Notice. If a defendant intends to rely upon the defense of lack of criminal responsibilitybecause of mental disease or defect at the time of the alleged crime, he shall, within the time provided for the filing of pretrial motions by Rule 13 or at such later time as the judge may allow, notify the prosecutor in writing of such intention. The notice shall state:
(i) whether the defendant intends to offer testimony of expert witnesses on the issue of lack of criminal responsibility because of mental disease or defect:
(ii) the names and addresses of expert witnesses whom the defendant expects to call; and
(iii)whether those expert witnesses intend to rely in whole or in part on statements of the defendant as to his mental condition at the time of the alleged crime or as to his criminal responsibility for the alleged crime.
(B) Examination. If the notice of the defendant or subsequent inquiry by the judge or developments in the case indicate that statements of the defendant as to his mental condition at the time of or as to his criminal responsibility for the alleged crime will be relied upon by expert witness of the defendant, the judge, upon his own motion or upon motion of the prosecutor, may order the defendant to submit to a psychiatric examination consistent with the provisions of the General Laws . . .
Holland argues that Rule 14 does not apply to his case because he is not claiming a defense of lack of criminal responsibility based on a mental disease or defect, but instead he is arguing that his intoxication precluded him from developing the specific intent required for murder. Holland, in his brief, states that in 1993, the Criminal Justice Study Committee proposed amendments, to Mass.R.Crim.P. 14. One of the Committee’s suggested changes was to add the following to Rule 14(b)(2)(A):
Notice. If a defendant intends to rely upon the defense of lack of criminal responsibilitybecause of mental disease or defect at the time of the alleged crime, or to offer evidence of any mental impairment bearing upon his ability to premeditate or to form a specific intent, he shall, within the time provided... The notice shall state:
(i) whether the defendant intends to offer testimony of an expert witness on the issue of lack of criminal responsibility because of mental disease or defect and of the capacity of the defendant to premeditate or to form a specific intent.
(Emphasis added to proposed amendments.)
Holland argues that because these proposed amendments were never adopted, this Court does not have the authority to order an independent medical examination. This Court disagrees with Holland’s contention.
By introducing expert testimony, Holland has opened the door to a court ordered examination. In Blaisdell v. Commonwealth, 372 Mass. 753, 766-67 (1977), the Supreme Judicial Court stated:
[Where] a defendant voluntarily submits to psychiatric interrogation as to his inner thoughts, the alleged crime and other relevant factors bearing on his mental responsibility and, on advice of counsel, voluntarily proffers such evidence to the jury, we feel that the offer of such expert testimony based in whole or in part on [his] testimonial statements constitutes a waiver of the privilege [against compelled self-incrimination] for such purposes. In short, by adopting this approach, a defendant who *510 seeks to put in issue his statements as the basis of psychiatric expert opinion in his behalf opens to the State the opportunity to rebut such testimonial evidence in essentially the same way as if he himself had testified . . . Under such a view there would be no violation of his privilege should the court then order him under c. 123, §15, to submit to psychiatric examination so that the jury may have the benefit of countervailing expert views, based on similar testimonial statements of a defendant in discharging its responsibility of making a true and valid determination of the issues thus opened by a defendant.
(Emphasis added.)
Although Blaisdell dealt with a defendant raising the defense of insanity, and not the voluntary intoxication defense raised by Holland in the instant case, its holding applies to the case at bar. In Commonwealth v. Harvey, 397 Mass. 803 (1986), the defendant’s psychiatrist testified at trial that the defendant did not possess the mental capacity to “deliberately evaluate the pros ,and cons of carrying out an aggressive act like murder.” This psychiatrist based this testimony on the defendant’s drug use before committing the killing with which he was charged. The Supreme Judicial Court held that the trial judge’s order to compel the defendant to submit to a psychiatric examination pursuant to G.L.c. 123, §15 was not improper. In Harvey, the Supreme Judicial Court stated “Although [a] defendant [does] not raise the traditional defense of lack of criminal responsibility . . . the [superior court] judge correctly followed the procedures set forth in Blaisdell and Mass.R.Crim.P. 14(b)(2)(B)(i)-(iv), on the issue of mental impairment.” Id. at 807-08, n. 2.
The authority of the Court to order a psychiatric exam of a defendant as set forth in Blaisdell has been extended to other types of hearings where a defendant intends to offer expert testimony on his mental state. Namely, the Supreme Judicial Court has extended the Court’s authority to adversary hearings aimed at determining a juvenile’s dangerousness and amenability to rehabilitation pursuant to G.L.c. 119, §61, where the juvenile voluntarily elects to present psychiatric evidence that includes his own statements. Commonwealth v. Wayne, 414 Mass. 218 (1993). In Wayne, the Supreme Judicial Court noted that a juvenile in a transfer hearing who introduces psychiatric evidence makes a voluntary choice to do so. Id. at 232. The Court noted that there is a host of other probative evidence available to the juvenile, bearing on his dangerousness to the public and amenability to treatment, that may be introduced without implicating the privileges against self-incrimination. Id. Those sources include, but are not limited to, records of past treatment, school and probation records, etc. Id.
In the more recent case of Commonwealth v. Stockwell, 426 Mass. 17 (1997), the defendant was charged with first degree murder of his female companion. The defendant argued that he lacked the capacity to form the specific intent required to commit first degree murder. The Supreme Judicial Court held that the Commonwealth’s expert was properly allowed to express his opinion on the defendant’s ability to form specific intent. More importantly, the Supreme Judicial Court noted that “The factual inquiries concerning a lack of criminal responsibility, and a defendant’s capacity to possess the requisite state of mind to commit murder, are not identical, but they do have ‘substantial similarities.’ ” Id. at 21, citing Commonwealth v. Genius, 387 Mass. 695, 699 (1982).[4]
The case at bar is sufficiently analogous to Harvey, Wayne and Stockwell so that the procedure for a court ordered psychiatric exam set forth in Blaisdell should apply here. First, as noted in Wayne, a defendant has several mechanisms available to him for introducing evidence of his mental state. For example, Holland could have introduced past drug treatment records into evidence. Likewise, he could call witnesses who knew of his problems with alcohol and drugs to testify. Instead, Holland intends to call an expert and intends to have that expert testify on Holland’s mental state based upon statements made by Holland to that expert. These facts share striking similarities to those of Wayne as set forth above. In each case, the defendant is not required to call an expert to testify as to the defendant’s mental state. By electing to call an expert to testify, however, a defendant opens the door to a court ordered psychiatric examination.
Second, Harvey and Stockwell seem to indicate that although Mass.R.Crim.P. 14 does not list voluntary intoxication as a mental disease or defect, it may fall within the parameters of that definition where, as in the case at bar, a defendant seeks to admit psychiatric testimony on the defendant’s inability to form the specific intent required for first degree murder. As noted above, in Harvey the Supreme Judicial Court noted that although the defendant did not raise the traditional defense of lack of criminal responsibility, the judge correctly followed the procedures set forth in Blaisdell and Mass.R.Crim.P. 14. The facts in Harvey are also analogous to those presented at bar because in Harvey, as in the instant case, the defendant’s psychiatrist based his testimony on the defendant’s use of drugs and consumption of alcohol before the alleged murder took place.
Stockwell strengthens this conclusion. As mentioned above, the Stockwell court mentioned that although the factual inquiries concerning a lack of criminal responsibility and a defendant’s capacity to possess the requisite state of mind to commit murder are not identical, they are substantially similar. This Court agrees with that position. In the case at bar it seems that Holland is arguing that a mental defect, his acute and longstanding chronic intoxication, prevented him from forming the specific intent required *511 for first degree murder. Although Mass.R.Crim.P. 14 does not explicitly cover a defendant’s argument that his intoxication negated the requisite specific intent to commit first degree murder, the two arguments do seem substantially similar, if not identical.
Based upon the above analysis, therefore, this Court holds that it has the authority to compel Holland to submit to a psychiatric examination. Accordingly, this Court orders Holland to undergo such an examination.
Defense counsel for Holland argues that ordering Holland to undergo such an examination will violate Holland’s right against compelled self incrimination. This is not the case. Blaisdell and Mass.R.Crim.P. 14 set forth the procedure for a court ordered psychiatric exam in cases similar to those at bar. The Supreme Judicial Court, in Harvey presents a concise and instructive summary of the procedure. This Court will present a concise review of that procedure because such a review is warranted in this case.
First, this Court will order that Holland submit to an examination by the Commonwealth’s psychiatrist. After the examination is completed, a written report of the findings of the Commonwealth’s expert will be filed with the Court. This Court will then determine whether the report contains material protected by the privilege against self incrimination. If the Court determines that the report contains such information, the report will be sealed until there is a judicial determination that the defendant has waived his privilege against compelled self-incrimination. A waiver of the privilege against self incrimination occurs and the Commonwealth may introduce evidence which it obtains either directly or indirectly as a result of the court-ordered psychiatric examination if the defendant, here Holland, voluntarily takes the stand to testify on his own behalf on the issue of criminal responsibility. Second, a waiver may occur and the Commonwealth’s court-appointed psychiatrist may testify as to his opinion based on Holland’s statements to him, if Holland offers testimony through his own expert based on Holland’s statements. See Commonwealth v. Harvey 397 Mass. at 808.

B. Mental Health Records, Employment Records and Medical Records

Next, the Commonwealth seeks to discover certain records that have been ordered impounded and certain other records that have not yet been produced.[5] Holland argues that many of these records are protected either by the psychotherapist-patient privilege or, alternatively, the social worker-client privilege. The remainder of these records, argues Holland, are not material or relevant to the issues presented at bar. The Commonwealth, however, argues that Holland has waived any psychotherapist-patient or social worker-client privileges because he has placed his mental state at issue in this case. The Commonwealth further argues that the remaining records it seeks to discover, such as Holland’s medical and employment records, are relevant and material to the issues presented at bar.
This Court holds that the records at issue are not privileged. This Court further orders that the remaining records sought by the Commonwealth, such as Holland’s employment and health records, be produced to the Criminal Clerk’s Office of the Norfolk County Superior Court, where they will be impounded. This Court will then conduct an in camera inspection of all the records in the clerk’s office and determine which records are material and relevant to the issues presented in this case.
The psychotherapist-patient and social worker-client privileges did not exist at common law. Commonwealth v. Mandeville, 386 Mass. 393, 409 (1982). These privileges are creatures of statute and have been established to protect communications between psychotherapist and patient and between social worker and client. See G.L.c. 233, §20B (psychotherapist-patient) and G.L.c. 112, §135A-135B (social worker-client). The privileges established by these statutes, however, may be waived in certain situations.
G.L.c. 233, §20B provides in pertinent part that the psychotherapist-patient privilege does not apply:
Where the patient places his mental or emotional condition in issue in any proceeding except one involving custody, adoption, or adoption consent, but only if the judge determines that it is more important to the interests of justice that the relationship between patient and psychotherapist be protected.
(Emphasis added.)
Similarly, G.L.c. 112, §135Bprovides that the social worker-client privilege does not apply:
[W]here the patient places his mental or emotional condition in issue in any proceeding except one involving child custody, adoption or adoption-consent, but only if the judge determines that it is more important to the interests of justice that the communication be disclosed than that the relationship between client and social worker be protected.
(Emphasis added.)
Holland’s counsel, at oral argument, argued that the above exclusions from the psychotherapist-patient and social worker-client privileges apply only in civil, not in criminal cases. This Court disagrees with Holland’s contention. Both G.L.c. 233, §20B and G.L.c. 112, §135B state that the privileges provided therein do not apply in any proceeding where the patient places his mental or emotional condition in issue. Each statute lists exceptions where the privilege will not be waived for certain child custody proceedings. Neither statute, however, provides that a patient’s waiver will not apply if he places his mental state at issue in a criminal case. The language of the statutes, however, is to the contrary. The statutes *512 explicitly state that a patient waives his right to invoke either the psychotherapist-patient or the social worker-client privilege where the patient places his mental state or emotional condition at issue in any proceeding. (Emphasis added).
In the instant case, Holland has certainly placed his mental state and emotional condition at issue. Holland has submitted a 30 page summary detailing his longstanding and chronic drug and alcohol abuse, which he claims prevented him from forming the specific intent required for first degree murder. Moreover, Holland intends to call an expert to the stand to testify as to Holland’s inability to form that specific intent. Based on these facts, this Court finds that Holland has waived any psychotherapist-patient or any social worker-client privilege that may have covered the records which the Commonwealth seeks to discover.
Holland’s attorneys have argued that in the event this Court finds that Holland waived either the psychotherapist-patient privilege or the social worker-client privilege, certain records that have already been impounded, or that have not yet been impounded but the Commonwealth seeks to discover, may not be material or relevant to the issues presented in this case. This Court, therefore, will conduct an in camera inspection of the records that were ordered to be delivered and impounded in the clerk’s office to determine which records are material and relevant to the case at bar. Furthermore, this Court will order that the records which the Commonwealth seeks to discover, but which have not yet been produced, be summonsed to the Criminal Clerk’s Office for the Norfolk County Superior Court and impounded therein.[6] These records shall be produced and delivered to the Norfolk County Superior Court Criminal Clerk’s Office within four business days of the receipt of the summons. This Court will conduct an in camera inspection of those records to determine whether or not they are material and relevant to the issues presented at bar.
ORDER
For the foregoing reasons, it is hereby ORDERED, that the Commonwealth’s motion for a court ordered psychiatric examination and for discovery of records be ALLOWED. The records that the Commonwealth seeks to discover but which have not yet been produced by the defense are ORDERED to be summonsed and delivered to the Criminal Clerk’s Office of the Norfolk County Superior Court within four business days from receipt of the summons. These documents include records from the following entities: Caritas Norwood/Southwood Hospital, Dr. Norman Alpert, Dr. Solomon Levin, Dr. John Eckelman, Dr. John Scheff, Brookside Counseling Associates and Bridgewater State Hospital. Upon delivery to the Criminal Clerk’s Office, these records are ordered IMPOUNDED. This Court will then conduct an in camera inspection of those records along with an inspection of the records that have already been produced and impounded in the clerk’s office. The Court will then determine which records are material and relevant and order that those records be turned over to the Commonwealth for use in their case in chief against Holland. As agreed to by this Court at oral argument, it is further ORDERED that this decision be stayed for five business days from the date of this order so that defense counsel for Holland may seek an interlocutory appeal.

The expert that Holland intends to call at trial is an internist. Prescinding from the issue of qualifications of a physician specializing in internal medicine to render a psychiatric or psychological opinion, which issue this Court will address prior to or at the time of trial, the subject matter of the defendant’s expert’s opinion concerns the defendant's mental and emotional abilities. Therefore, it is appropriate for the Commonwealth to seek an exam of the defendant by a psychiatrist.

Holland has submitted a 30 page summaiy which details his extensive alcohol and drug abuse.

This Court (Gershengorn, J.) ordered that Holland produce certain records. Those records, however, were ordered impounded. The records that Judge Gershengorn ordered impounded in the clerk's office include records from the following entities: Norfolk County Sheriffs Department, Bell Atlantic Corporation, Aetna U.S. Healtcare and South Shore Hospital. Records from two entities have been delivered to the clerk's office pursuant to the Commonwealth’s subpoena: Telephone Worker's Credit Union and records from the Norfolk County Probate Court. The Commonwealth further moves that the records of the following entities be produced and impounded for review by the trial justice: Caritas Nor-wood/Southwood Hospital, Dr. Norman Alpert, Dr. Solomon Levin, Dr. John Eckelman, Dr. John Scheff, Brookside Counseling Associates and Bridgewater State Hospital. This Court orders that a summons shall issue for these records. These records shall be produced and delivered to the Norfolk County Superior Court Criminal Clerk’s Office within four business days of the receipt of the summons.

In Genius, the Supreme Judicial court stated:
The factual questions to be considered concerning a lack of criminal responsibility under the standards of Commonwealth v. McHoul, 352 Mass. 544, 546-48 (1967) [which dealt with an insanity defense], are not identical to the factual questions presented concerning mental illness and a substantially reduced mental capacity under Commonwealth v. Gould, 380 Mass. 672, 680-86 (1980). It must be acknowledged, however, that there are substantial similarities in those factual issues. Commonwealth v. Genius, 387 Mass. 695, 698-99 (1982). (Emphasis added.)

The Commonwealth presented a similar motion before this Court (Gershengorn, J.) earlier this year. On December 13, 1999, Judge Gershengorn denied the Commonwealth's motion without prejudice. Pursuant to the Commonwealth’s motion for reconsideration, this Court will now rule on the Commonwealth’s ability to discover these records, which Holland claims are privileged.

The documents include records from the following entities: Caritas Norwood/Southwood Hospital, Dr. Norman Alpert, Dr. Solomon Levin, Dr. John Eckelman, Dr. John Scheff, Brookside Counseling Associates and Bridgewater State Hospital.